UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| KARR TRANSPORTATION, INC., | ) |
| Plaintiff, | ) |
| v. | ) NO. 1:12-CV-275 |
| | ) JURY DEMAND Collier/Carter |
| TOTAL CONTROL INSURANCE SERVICES, LLC | ) |
| Defendant. | ) |

# COMPLAINT

Comes now the Plaintiff, by and through counsel, and for its cause of action would show:

## PARTIES

1. Plaintiff, Karr Transportation, Inc., is an Arkansas corporation with its principal office located in the State of Arkansas.

2. On information and belief, Defendant, Total Control Insurance Services, LLC is a for profit limited liability corporation with its principal office located in the State of Tennessee.

## *JURISDICTION AND VENUE*

3. Complete diversity of citizenship exists between the parties as they are citizens and residents of different states.

4. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 as required under 28 U.S.C. § 1332(a).

5. Subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332.

6. The acts and omissions that give rise to this lawsuit substantially occurred in Hamilton County, Tennessee. By virtue of 28 U.S.C. § 1391, the United States District Court for the Eastern District of Tennessee is the appropriate venue to address this Complaint.

## FACTUAL BACKGROUND

7. Plaintiff purchased insurance to cover its fleet of vehicles on September 21, 2011 from Defendant, Total Control Insurance Services, LLC.

8. Upon the addition of new Peterbilt tractors to Plaintiff's fleet in May of 2012, Plaintiff was required to cancel its existing insurance policy and purchase a new policy so as to secure coverage that included the new vehicles.

9. Due to the cancellation of the existing policy, Defendant owed Plaintiff approximately eight thousand ($8,000.00) in unapplied premiums. Plaintiff was advised that Defendant could not apply the unapplied premium amount to the new insurance policy and that Plaintiff would receive the unapplied premium amount via a refund check. As of the date of the filing of this Complaint, Plaintiff has yet to receive the refund check for the unapplied premiums from the cancelled insurance policy.

10. On or about May 17, 2012, Defendant sold Plaintiff its new insurance policy designated to cover Plaintiff's fleet of vehicles, including Plaintiff's 2012 Peterbilt, VIN# 1XPHD45X0CD158106 (hereinafter "Peterbilt-1") and 2013 Peterbilt, VIN# 1XPHD49XXDD189350 (hereinafter "Peterbilt-2") (collectively "Peterbilts"). The transaction occurred through the office of Defendant in Hamilton County, Tennessee. The initial premium payment for the new policy was due on May 20, 2012.

11. In consideration of coverage for its fleet of vehicles, Plaintiff remitted an additional $1,863,40 as a premium down-payment to Defendant on May 17, 2012. The authorization to charge or debit Plaintiff's bank account (with the account number redacted) for the aforementioned amount is attached to the Complaint as Exhibit A.

12. Ten days later, on May 27, 2012, the Peterbilt-1 was involved in an accident causing substantial property, loss of use, and bodily injury damages.

13. Upon filing a claim under his insurance policy, Plaintiff was denied coverage due to non-payment of policy premiums. The denial of coverage due to non-payment of premiums was due to Defendant's failure to timely post the premium payment and secure the coverage at issue.

14. On June 6, 2012, the Peterbilt-2, which was obtained to replace Peterbilt-1 while it was being repaired, was involved in an accident causing property damage.

15. Plaintiff again was denied coverage due to non-payment of policy premiums. The denial of coverage due to non-payment of premiums was due to Defendant's failure to timely post the premium down payment and secure the coverage at issue.

16. Plaintiff avers that Defendant failed to properly procure coverage for Plaintiff's fleet of vehicles, including the Peterbilts at issue.

17. Defendant entered into an undertaking and/or agreement with Plaintiff to procure insurance. An authorization was signed by Plaintiff on May 17, 2012 to pay the required premium down payment, which was due on May 20, 2012.

18. As a result of signing the authorization, Plaintiff consummated the transaction with Defendant and understood its entire fleet, including the Peterbilts at issue, was properly insured.

19. Plaintiff relied on Defendant to properly procure coverage for its fleet, including the Peterbilts at issue.

20. Defendant negligently failed to timely apply the premium down payment and secure the coverage. For that reason, the claims arising from losses occurring May 27, 2012 and June 6, 2012 have been denied.

21. Defendant's negligence has resulted in substantial damages incurred by Plaintiff including, but not limited to, expenses and costs from repairing the Peterbilts, loss of revenue while

3

the Peterbilts were being repaired, incidental costs including the transport and storage of the Peterbilts, and medical expenses. The total damages incurred by Plaintiff to date exceed One Hundred Thousand ($100,000.00) Dollars. The damages sustained by Plaintiff would have been covered by the insurance policy.

**WHEREFORE**, Plaintiff prays:

A. That proper process be issued and served upon Defendant and that it be required to appear and answer this Complaint within the time prescribed by law.

B. That Plaintiff be awarded compensatory and incidental damages in an amount sufficient to fully and fairly compensate for the damages it has incurred and will incur.

C. That the costs of this action be awarded to Plaintiff.

D. That Plaintiff be awarded such other and further relief, general and special, legal and equitable, to which the Court may find the Plaintiff justly entitled.

E. That the Plaintiff be granted a jury to hear all issues properly reserved for jury consideration.

Respectfully submitted,

**FEENEY & MURRAY, P.C.**

By: _____
John Thomas Feeney
BPRN 11482
Attorneys for Plaintiff
P.O. Box 198685
Nashville, Tennessee 37219-8685
(615) 242-3700



**Total Control Insurance Services, LLC**

PO Box 348
Lookout Mountain, TN 37350
Phone (866) 339-0491 Fax (866) 536-5241

## One Time ACH Payment Authorization Form

Sign and complete this form to authorize **Total Control Insurance Services** to make a one time debit to your checking or savings account.

By signing this form you give Total Control Insurance Services permission to debit your account for the amount indicated on or after the indicated date. This is permission for a single transaction only, and does not provide authorization for any additional unrelated debits or credits to your account.

**Please complete the information below:**

I __**ALBERT BEERS**__ authorize Total Control Insurance Services to charge my bank.
(Full Name)

account indicated below for __**1,863.40**__ on or after __**5/17/12**__.
(amount) (date)

Billing Address __**3166 HWY 101 SUITE 5**__    Phone# __**870-492-4444 EXT 401**__

City, State, Zip __**GAMALIEL, AR 72537**__    Email __**albeers@karrtransportation.com**__

---

Account Type: [X] Checking   [ ] Savings
Name on Acct  **KARR TRANSPORTATION**
Bank Name     **BANK OF SALEM**
Account Number    REDACTED
Bank Routing #    082904302
Bank City/State   **SALEM, AR**

Routing Number

---

SIGNATURE _[signature]_    DATE __5/17/12__

I understand that because this is an electronic transaction, these funds may be withdrawn from my account as soon as the above noted transaction date. In the case of the payment being rejected for Non Sufficient Funds (NSF) I understand that Total Control Insurance Services may at its discretion attempt to process the charge again within 30 days, and I agree to an additional charge for each attempt returned NSF, which will be initiated as a separate transaction from the authorized payment. I acknowledge that the origination of ACH transactions to my account must comply with the provisions of U.S. law. I will not dispute Total Control Insurance Service 's billing with my bank so long as the transaction corresponds to the terms indicated in this agreement.



EXHIBIT A