# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| KARR TRANSPORTATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.1:12-CV-275 |
| ) | JURY DEMAND |
| TOTAL CONTROL INSURANCE ) | |
| SERVICES, LLC and ) | |
| IPFS CORPORATION d/b/a IMPERIAL ) | |
| CREDIT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

Comes now Plaintiff, by and through counsel, and for its cause of action would show:

### PARTIES

1. Plaintiff Karr Transportation, Inc. is an Arkansas corporation with its principal office located in the State of Arkansas.

2. Defendant Total Control Insurance Services, LLC is a for profit limited liability corporation with its principal office located in the State of Tennessee.

3. Defendant IPFS Corporation is a Missouri corporation with its principal place of business at 1055 Broadway St., FL 11, Kansas City, Missouri 64105-1575.

### *JURISDICTION AND VENUE*

4. Complete diversity of citizenship exists between the parties as they are citizens and residents of different states.

5. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 as required under 28 U.S.C. § 1332(a).

6. Subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332.

7. The acts and omissions that give rise to this lawsuit substantially occurred in Hamilton County, Tennessee. By virtue of 28 U.S.C. § 1391, the United States District Court for the Eastern District of Tennessee is the appropriate venue to address this Complaint.

*FACTUAL BACKGROUND*

8. Plaintiff purchased insurance to cover its fleet of vehicles on September 21, 2011 from Defendant, Total Control Insurance Services, LLC (hereinafter "Total Control").

9. Through Total Control, Plaintiff obtained financing for its premiums through IPFS Corporation.

10. Upon the addition of new Peterbilt tractors to Plaintiff's fleet in May of 2012, Plaintiff was required to cancel its existing insurance policy and purchase a new policy so as to secure coverage that included the new vehicles.

11. Due to the cancellation of the existing policy, Total Control owed Plaintiff approximately eight thousand ($8,000.00) in unapplied premiums. Plaintiff was advised that Total Control could not apply the unapplied premium amount to the new insurance policy and that Plaintiff would receive the unapplied premium amount via a refund check. As of the date of the filing of this Complaint, Plaintiff has yet to receive the refund check for the unapplied premiums from the cancelled insurance policy.

12. On or about May 17, 2012, Total Control sold Plaintiff its new insurance policy designated to cover Plaintiff's fleet of vehicles, including Plaintiff's 2012 Peterbilt, VIN# 1XPHD45X0CD158106 (hereinafter "Peterbilt-1") and the 2013 Peterbilt, VIN# 1XPHD49XXDD189350 (hereinafter "Peterbilt-2") (collectively "Peterbilts"). The transaction occurred through the office of Total Control in Hamilton County, Tennessee. The initial premium

payment of $1,863.40 for the new policy was due on May 20, 2012.

13. In consideration of coverage for its fleet of vehicles, Plaintiff remitted $1,863.40 as the initial premium down-payment to Total Control on May 17, 2012. The authorization to charge or debit Plaintiff's bank account (with the account number redacted) for the aforementioned amount is attached to the Amended Complaint as Exhibit A.

14. Ten days later, on May 27, 2012, the Peterbilt-1 was involved in an accident causing substantial property, loss of use, and bodily injury damages.

15. Upon filing a claim under its insurance policy, Plaintiff was denied coverage due to non-payment of policy premiums. The denial of coverage, due to non-payment of premiums, was due to Total Control's failure to timely post the premium payment and secure the coverage at issue.

16. On June 6, 2012, the Peterbilt-2, which was obtained to replace Peterbilt-1 while it was being repaired, was involved in an accident causing property damage.

17. Plaintiff again was denied coverage due to non-payment of policy premiums. The denial of coverage, due to non-payment of premiums, was due to Total Control's failure to timely post the premium down payment and secure the coverage at issue.

18. In its Answer to the Complaint filed to initiate this cause of action, Total Control alleges IPFS Corporation, d/b/a Imperial Credit Corporation (hereinafter "IPFS"), an insurance premium finance company, negligently failed to properly pay financed premium payments on behalf of Plaintiff, resulting in the denial of insurance coverage at issue.

19. Further, in its Answer, Total Control alleges that IPFS misrepresented to both Total Control and Plaintiff that IPFS had in fact made such premium payments. According to Total Control, these misrepresentations by IPFS may have contributed to or resulted in the cancellation of Plaintiff's policy for coverage of its fleet.

3

Case 1:12-cv-00275-WBC   Document 11   Filed 11/20/12   Page 3 of 5   PageID #: 36

20. Total Control failed to properly procure coverage for Plaintiff's fleet of vehicles, including the Peterbilts at issue.

21. Based on allegations of Total Control, IPFS failed to properly pay financed premium payments on behalf of Plaintiff, and IPFS misrepresented to both Total Control and Plaintiff that it had made such payments. To the extent these assertions of Total Control are accurate, IPFS is liable to Plaintiff for all damages asserted herein.

22. Total Control entered into an agreement with Plaintiff to procure insurance. An authorization was signed by Plaintiff on May 17, 2012 to pay the required premium down payment, which was due on May 20, 2012.

23. As a result of signing the authorization, Plaintiff consummated the transaction with Total Control and understood its entire fleet, including the Peterbilts at issue, was properly insured.

24. Plaintiff relied on Total Control to properly procure coverage for its fleet, including the Peterbilts at issue.

25. Total Control negligently failed to timely apply the premium down payment and secure the coverage. Total Control further failed to ensure IPFS Corporation properly paid the financed premium payments on behalf of Plaintiff. For the reasons set forth, the claims arising from losses occurring May 27, 2012 and June 6, 2012 have been denied.

26. Defendants' negligence and breach of contract has resulted in substantial damages incurred by Plaintiff including, but not limited to, expenses and costs from repairing the Peterbilts, loss of revenue while the Peterbilts were being repaired, incidental costs including the transport and storage of the Peterbilts, and medical expenses. The total damages incurred by Plaintiff to date exceed One Hundred Thousand ($100,000.00) Dollars. The damages sustained by Plaintiff would

have been covered by the insurance policy.

**WHEREFORE**, Plaintiff prays:

A. That proper process be issued and served upon Defendants and that it be required to appear and answer this Amended Complaint within the time prescribed by law.

B. That Plaintiff be awarded compensatory and incidental damages in an amount sufficient to fully and fairly compensate for the damages it has incurred and will incur.

C. That the costs of this action be awarded to Plaintiff.

D. That Plaintiff be awarded such other and further relief, general and special, legal and equitable, to which the Court may find the Plaintiff justly entitled.

E. That the Plaintiff be granted a jury to hear all issues properly reserved for jury consideration.

Respectfully submitted,

**FEENEY & MURRAY, P.C.**

By: **/s/ John Thomas Feeney**
 **John Thomas Feeney**
 BPRN 11482
 Attorneys for Plaintiff
 P.O. Box 198685
 Nashville, Tennessee 37219-8685
 (615) 242-3700